**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CANDICE MYRON,

    Plaintiff,

vs.                                                                    CASE NO.  3:06-cv-1051-J-TEM

JOAN RODRIGUEZ, and
THE HERTZ CORPORATION,
a foreign corporation,

    Defendants.
_____

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Stay (Doc. #25) and Defendant, The Hertz Corporation's ("Hertz") Reply to Plaintiff's Motion for Stay (Doc. #26). Also currently pending before the Court are a motion for partial summary judgment, or judgment on the pleadings, filed by Defendant Hertz (Doc. #18) and Plaintiff's response (Doc. #23) thereto.[1] While Plaintiff has filed additional authority in support of her response to the motion for partial summary judgment (*see* Doc. #27), Hertz similarly has filed additional authority in support of its motion for partial summary judgment (*see* Doc. #29). The constitutionality of 49 U.S.C. § 30106 is at the crux of the referenced motions and responses.

On August 10, 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users ("SAFETEA-LU"), Pub.L. No. 109-59, 119 Stat. 1144 (2005) was

---

[1]The Court notes Defendant Joan Rodriguez has not responded to either Defendant Hertz Corporation's Motion for Partial Summary Judgment/Judgment on the Pleadings (Doc. #18) or Plaintiffs' Motion for Stay (Doc. #25).

signed into law. Contained within this legislation is the provision known as the "Graves Amendment," codified at 49 U.S.C. § 30106 (2006). The Graves Amendment essentially eliminates vicarious liability for automobile leasing companies. Specifically, 49 U.S.C. 30106 provides in relevant part:

> (a) In general.--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
> (b) Financial responsibility laws.--Nothing in this section supersedes the law of any State or political subdivision thereof--
> (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
> (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.
> c) Applicability and effective date.--Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment.

*Id.*

In this action, Plaintiff is suing Defendant Hertz as the owner of the vehicle in which Plaintiff was a passenger on July 11, 2006 when the driver, Defendant Joan Rodriguez, crashed the automobile into a light pole, severely injuring Plaintiff. *See* Doc. #2, Complaint. As such, Plaintiff is proceeding against Hertz under the theory of vicarious liability.

The constitutionality of 49 U.S.C. 30106 has been brought into question by district courts within the Eleventh Circuit.  *See Schmidt v. St. Clair*, No. 5:07-cv-271-OC-10GRJ, 2007 WL 4463933 (M.D. Fla. Dec. 17, 2007) (agreeing with the decision in *Garcia* that the Graves Amendment is constitutional); *Nelson v. Willsch*, No. 8:07-cv-1852-T-24MAP, 2007 WL 3333362 (M.D. Fla. Nov. 8, 2007) (granting motion to dismiss as to the Alamo defendants where plaintiff failed to file opposition and on the basis the Graves Amendment removes vicarious liability); *Vanguard Car Rental USA, Inc. v. Drouin*, 521 F.Supp.2d 1343 (S.D. Fla. 2007) (finding the Graves Amendment to be unconstitutional violation of Commerce Clause); *Dupuis v. Vanguard Car Rental USA*, 510 F.Supp.2d 980 (M.D. Fla. 2007) (finding the Grave Amendment to be constitutional); *Vanguard Car Rental USA, Inc. v. Huchon*, No. 06-10082-CIV, 2007 WL 2875388 (S.D. Fla. Sept. 14, 2007) (finding 49 U.S.C. § 30106(b) is an unconstitutional overreach of Congress' power under the Commerce Clause); *Seymour v. Penske Truck Leasing Co., L.P.*, No. 407CV015, 2007 WL 2212609 (S.D. Ga. July 30, 2007) (finding 49 U.S.C. § 30106 defeats the plaintiff's theory of liability and preempts Georgia state law); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F.Supp.2d 821 (M.D. Fla. 2007) *appeal docketed*, No. 07-12235-JJ (11th Cir. May 22, 2007) (finding the Graves Amendment constitutional and preemptive of the Florida statute assigning liability to automobile lessors).

Defendant Hertz seeks summary judgment as to its level of potential liability in this case, in light of the Graves Amendment, 49 U.S.C. § 30106.  Plaintiff seeks to temporarily stay these proceedings while the Eleventh Circuit Court of Appeals considers the constitutional challenges to the Graves Amendment and determines whether the federal statute 49 U.S.C. § 30106 preempts state statutes to the extent the state statutes hold

3

owners of the automobile leasing and rental businesses vicariously liable for the negligence of customer drivers.

This precise matter is currently before the Eleventh Circuit in the appeal of *Garcia v. Vanguard Car Rental USA*, 510 F.Supp.2d 821 (M.D. Fla. 2007), *appeal docketed*, No. 07-12235-JJ (11th Cir. May 22, 2007).  Oral argument was heard on January 15, 2008 and supplemental briefs have been filed.  *Id.*

The stay of a federal court case pending resolution of a similar proceeding in another forum is the exception, rather than the rule.  A litigant requesting a stay in one case pending resolution in another should establish a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).  In this case, the Plaintiff seeks to stay the litigation pending resolution of an appeal of an issue squarely on point with a major claim in the instant action.  Given the conflicting opinions of the district courts within this circuit, and the dispositive impact a ruling from the Eleventh Circuit on the constitutionality of 49 U.S.C. 30106 will have on this litigation, the Court finds Plaintiff has made a clear case of the inequity that could result if litigation were to continue forward or if this Court were to rule on Defendant's Motion for Partial Summary Judgment at this juncture and the Eleventh Circuit were to make a contrary determination on whether the Graves Amendment is constitutional and whether it preempts Florida's vicarious liability statutes in this area.

A district court has broad discretion to stay proceedings incident to its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 683 (1997).  However, a stay will be found immoderate, and thus unlawful, unless is it framed from its inception that its

force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. *Hines v. D'Artois*, 531 F.2d 726 (5th Cir. 1976)[2] *citing to Landis*, 299 U.S. at 254-55. The scope of a stay, including its potential duration, and the reasons for the stay are factors to be considered when a district court is determining whether to exercise its discretion to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere. *Trujillo v. Conovo & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Within the Eleventh Circuit, stays of an indefinite nature have been found to be "immoderate." *Id*.

In *Trujillo*, the district court *sua sponte* entered a stay of proceedings, pending resolution of a "related" case already being litigated in the courts of the Bahamas. *Id*. at 1263-64. The district court stated, "As the issues addressed by the Bahamian Litigation directly relate to those raised [in this case] the Court will stay the above-styled matter until such time as the Bahamian Courts conclude their review." *Id*. at 1264. The Bahamian case predated the Florida case by more than a year. *Id*. The circuit court's assessment found the Bahamian case was not progressing rapidly and thus the stay in the Florida case was indefinite in its scope. *Id*. The *Trujillo* court could not find reason in the district court's order sufficient to justify the indefinite stay. The court did state, however, that in a case such as *Trujillo* the interests of judicial economy alone are insufficient to warrant implementation of an indefinite stay. *Id*.[3]

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]In *Trujillo v. Conovo & Co. Communications, Inc.*, *supra*, 221 F.3d at 1265, the court
(continued...)

In contrast, the case *sub judice* presents ample reason to permit a stay of the proceedings for a limited period. First, a party has requested the stay and the Court is not acting on its own initiative. Second, the related case is before the circuit court of appeals which issues precedence in this district. Third, the related case, is not merely similar in nature, but is a case testing the constitutionality of a federal statute directly applicable to the instant action. Fourth, the related case is already far advanced in the appeals process and a decision is reasonably anticipated in the foreseeable future.

Thus, for the reasons stated herein and upon due consideration, it is hereby **ORDERED:**

1. Plaintiff's Motion for Stay (Doc. #25) is **GRANTED to the extent this action shall be stayed until June 5, 2008**.

2. On June 5, 2008 at 10:00 a.m. in Courtroom B, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, the undersigned will conduct a status conference with the parties, in lieu of the final pretrial conference already set for that date and time. Deadlines previously established in the governance of this case will be revisited at that time.

3. The Clerk shall term Defendant, The Hertz Corporation's Motion for Partial Summary Judgment/Judgment on the Pleadings (Doc. #18), subject to reopening at a later date.

---

[3](...continued)
declined to decide whether international abstention might justify the stay that the district court ordered.

**DONE AND ORDERED** at Jacksonville, Florida this 22<u>nd</u> day of February, 2008.

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any